# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAWYONE CLARKE<br><br>*Plaintiff*<br><br>v<br><br>EQUIFAX INFORMATION SERVICES LLC<br><br>*Defendant.* | JURY TRIAL DEMANDED<br><br>Civil Action No. 1:23CV821.<br><br>JUDGE MCFARLAND<br><br>MAGISTRATE JUDGE LITKOVITZ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  Plaintiff, Dawyone Clarke an Ohio resident, brings this action under the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* (The "FCRA") alleging that 1 of the largest consumer credit reporting agencies, Equifax Information Services LLC, (hereinafter Equifax or "CRA"), failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate **free-of-charge** credit reporting inaccuracies in Plaintiff's disputes and or failed to conduct a reasonable reinvestigation into Plaintiff's disputes. Defendant failed to have procedures in place to assure Plaintiff the maximum possible accuracy and failed to promptly delete the inaccurate items of information disputed by Plaintiff caused Plaintiff injury in fact as explained throughout this complaint. Plaintiff Dawyone Clarke an individual consumer in this action, seeks statutory, actual, and punitive damages along with injunctive and declaratory relief, fees, and costs.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. § 1681(p), 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business here, and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Dawyone Clarke, is a natural person residing in Cincinnati, Hamilton County, Ohio. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).

4. Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Ohio

5. Upon information and belief, Defendant Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide: (a.) **Public record information;** (b.) **Credit account information from persons who furnish that information regularly and in the ordinary course of business**.

## IV. FACTUAL ALLEGATIONS

6. On or about October of 2023 Plaintiff was **in the market for a $30,000 Line of credit** to get his sink fixed at his home that collapsed and he hoped to get the sink and kitchen remodeled and or restructured to prevent another incident like this from happening.

7. Before Plaintiff began to shop around and or apply for the Line of credit he desired, he pulled his Transunion report from https://www.annualcreditreport.com to see what his score was and to make sure there weren't any inaccurate items and information on his report that could affect his creditworthiness and further affect him from getting approved.

8. A lower credit score hurts a consumer's creditworthiness because lenders have different tiers of risk and a consumer with a lower credit score will often be placed into a lower tier. This can cause consumers, like the Plaintiff to be denied credit or to receive credit at a more expensive cost.

9. To Plaintiff's surprise he **noticed 6 Inaccurate Items on his Equifax report # 3812109046** with Inaccurate and Misleading Past Due Information which is misleading considering Plaintiff was never past due on any of his accounts and informed Defendant that he was never past due and that he believed the information being provided to Equifax by the furnisher's of information mentioned in this complaint was unreliable.

10. THE INACCURATE ITEMS OF INFORMATION WITH INACCURATE AND MATERIALLY MISLEADING PAST DUE INFORMATION ARE LISTED BELOW.

    (A) Capital One Account # 517805820803
    (B) Capital One Account # 517805930249
    (C) Capital One Auto Finance Account # 6205157736038
    (D) ComenityBank/KayJewlers Account # 8615
    (E) Credit First Account # 7746

  (F)  General Electric Credit Union Account # 9030

11. The consumer report at issue is a written communication of information concerning Plaintiff's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C § 1681a(d)(1) of the FCRA.

12. Plaintiff disputed the accuracy and completeness of the inaccurate items and information mentioned in this dispute directly with Equifax pursuing to 15 U.S.C § 1681i via a dispute letter dated November 13, 2023.

13. Plaintiff sent the dispute letter dated November 13th, 2023 via U.S.P.S. Certified Mail Tracking # 9589-0710-5270-0663-1261-37.

14. U.S.P.S. notified the plaintiff that Equifax received the Plaintiff's dispute letter dated November 13th, 2023.



15. The Plaintiff's dispute letter dated November 13th, 2023 that is mentioned in this complaint was around 12 pages long and described specifically what items of information Plaintiff believed to be inaccurate and what information associated with the Capital One Account # 517805820803, Capital One Account # 517805930249, Capital One Auto Finance Account # 6205157736038, ComenityBank/KayJewlers Account # 8615, Credit First Account # 7746, General Electric Credit Union Account # 9030 was inaccurate and plaintiff attached screenshots of the items to the dispute to show Defendant proof that the information was on a report prepared by Equifax.

16. Plaintiff, realizing the past due remarks on the items of information mentioned in this complaint requested for an investigation and or reinvestigation to be conducted by Equifax and that the inaccurate items of information mentioned in this complaint be removed from his file.

17. Defendant never notified Plaintiff that his dispute letter dated November 13th, 2023 or anything contained in his dispute was frivolous or irrelevant.

18. The reporting of the past due remarks was materially misleading because it conveyed that Plaintiff was and or currently is delinquent and or late on payments when that is not the case.

19. Upon information and belief (1) Plaintiff's Equifax consumer reports # **3812109046**, and contained inaccurate information, (2) The inaccuracy was due to Equifax's failure to follow reasonable procedures to assure maximum possible accuracy; (3) Plaintiff suffered a cognizable injury; and (4) Plaintiff believes Equifax is responsible for the damages mentioned in this complaint due to Equifax disregard of the law.

20. Plaintiff's dispute letter mentioned in this complaint that Plaintiff sent directly to the defendant was proper dispute pursuant to 15 U.S.C. § 1681i (a) (1) (A) as he Disputed the accuracy and completeness of the specific items and information mentioned in this complaint that Plaintiff believed had inaccuracies.

21. Upon information and belief Equifax failed to promptly delete the inaccurate items of information contained in the Equifax report 3812109046 after being notified directly by the Plaintiff of the inaccuracies in his dispute letter dated November 13th, 2023.

22. Upon information and belief Equifax failed to have procedures which would and or should assure the plaintiff maximum possible accuracy as it relates to the Equifax report **3812109046** and the items of information mentioned in this complaint that Plaintiff disputed directly with Equifax in his dispute letter dated November 13th, 2023.

## THE PLAINTIFF HAS ACTUAL DAMAGES

23. On or about 12/14/2023 Plaintiff applied for a line of credit in the amount of $30,000 with Penfed Credit Union and was denied.

24. Upon information and belief Equifax disseminated Plaintiff's consumer report to Penfed Credit Union with the inaccurate items of information mentioned in this complaint that Plaintiff disputed.

25. **The plaintiff is still in the market for a $30,000 line of credit but is terrified** to apply again because he believes that he may be denied again.

**EMOTIONAL DISTRESS, MENTAL ANGUISH, HUMILIATION AND EMBARRASSEMENT**

26. The fact that Plaintiff took hours to draft a very detailed dispute letter paid extra to send the dispute letter U.S.P.S. certified mail, provided Defendant with all of the appropriate information needed

to conduct a reasonable investigation free of charge and took additional, and took the time to attempt to do the appropriate research to make sure that his dispute met the requirements of the Fair Credit Reporting Act just for defendant to ignore his dispute and or not even attempt to do a reasonable investigation makes Plaintiff extremely upset and feel hopeless.

27. The plaintiff is married and feels less than a man because he can't even get approved for a line of credit to get his sink fixed due to inaccurate and misleading items and information mentioned in this complaint being in his report.

28. Plaintiff **has cried and has feelings of depression** from having to wash his dishes in his bathtub and **feels angry,** and **extreme sadness** and believes that if Equifax would have (1) conducted a reasonable reinvestigation of his dispute mentioned in this complaint (2) Promptly deleted the inaccurate items of information mentioned in this complaint (3) Not prepared an Equifax report that constrained inaccurate items of information that were materially misleading that is mentioned in this complaint and (4) Not solely rely on information from its original data source after Plaintiff notified Equifax that the information provided to Equifax is unreliable this all could have been prevented.

29. The plaintiff has had to explain his situation to his family members after the Defendants violation of the Fair Credit Reporting Act to ask a family member to borrow money to even be able to file this complaint in the amount of $402 and has to get ridiculed on how Plaintiff needs to get his stuff together and how he is not applying himself when he truly is and Plaintiff believes this could have all been avoided if Defendant had actually done what was required under the Fair Credit Reporting Act.

30. The plaintiff was and still feels **humiliated and embarrassed** that he had to explain his credit woes to his family.

31. Plaintiff has been taking **over-the-counter drugs to fight the extreme headaches** that he has been having because of the particular events and or pattern of events mentioned in this complaint, and Plaintiff is terrified of applying for anything else because he feels like he will be denied again and Plaintiff also feels like no matter what he does Defendant will ignore him and not fix and or promptly remove inaccurate and misleading information in his file when he disputes it which in return will cause future denials.

32. Plaintiff **feels disgusted with himself** for getting denied and feels like he is an unreliable husband who can't even get approved for a line of credit to fix his sink, and now he and his wife have to go without and continue to wash dishes in the bathtub all because of defendants lack care of the law.

33. Plaintiff requested via his dispute letter dated November 13th, 2023. The procedures that Equifax used to determine the items of information mentioned in this complaint were accurate and Defendant never provided Plaintiff with this information.

34. At all times pertinent hereto, the conduct of Defendant Equifax, as well as that of its agents, servants, and or/employees, was malicious, intentional, willful, reckless, negligent, and in disregard for federal law and the rights of Plaintiff herein.

35. The Inaccurate information mentioned in this complaint being reported by Equifax has already and Is continuing to damage the Plaintiff's credit rating as well as his credit reputation.

36. As a result of the actions and inactions of Defendant, Plaintiff suffered damages, including *but not limited to*, damage to Fico and or credit score, credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mental and emotional distress, embarrassment, humiliation, fear, anger and being denied credit, and a number of other negative emotions as explained in this complaint.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b) AGAINST EQUIFAX

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Section 1681e(b) of the FCRA requires that "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

39. Equifax a consumer reporting agency violated section 1681e(b) of the FCRA by amongst other things failing to assure Plaintiff maximum possible accuracy as it relates to the items of information mentioned throughout this complaint.

40. Amongst other things Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to prevent the Capital One Account # 517805820803, Capital One Account # 517805930249, Capital One Auto Finance Account # 6205157736038, ComenityBank/KayJewlers Account # 8615, Credit First Account # 7746, General Electric Credit Union Account # 9030 item of information and the inaccurate and materially misleading past due remarks associated with the items of information that did not pertain to and or relate to Plaintiff from being prepared and published in Plaintiff's credit reports Equifax published and maintains concerning the Plaintiff.

41. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate Capital One Account # 517805820803, Capital One Account # 517805930249, Capital One Auto Finance Account # 6205157736038, ComenityBank/KayJewlers Account # 8615, Credit First Account # 7746, General Electric Credit Union Account # 9030 mentioned in this complaint that Plaintiff disputed and requested to be deleted. If Equifax were to follow reasonable procedures to assure Plaintiff maximum possible accuracy the injuries mentioned in this complaint could have been prevented.

42. Plaintiff's consumer report mentioned in this complaint contained inaccurate information; (2) the inaccuracy was due to [Equifax] failure to follow reasonable procedures to assure maximum possible accuracy; (3) Plaintiff suffered a cognizable injury; and (4) Equifax failure to assure plaintiff Maximum possible accuracy is the reason for the damages mentioned in this complaint and has caused Plaintiff a denial of the $30,000 line of credit he applied for with PenFed Credit Union and has Plaintiff terrified from applying for any additional credit due to Equifax failure.

43. As a direct and proximate result of their willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

44. Defendant Equifax, has caused injury in fact, by causing, among other effects mentioned in this complaint, mental and emotional distress, humiliation, damage to credit reputation, and resulting in credit damages to Plaintiff.

45. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681o.

46. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i AGAINST EQUIFAX

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that is defined by 15 U.S.C. § 1681a(c).

49. The Fair Credit Reporting Act provides if a CRA conducts an investigation of disputed information and confirms that the information is, in fact inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete the information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

50. Amongst other things Equifax a consumer reporting agency violated 15 U.S.C. § 1681i when it failed to conduct an investigation into the Plaintiff disputed information mentioned in Plaintiff's dispute letter dated November 13th, 2023 after Plaintiff directly disputed the accuracy and completeness of the specific items and information at issue in this complaint that is contained in his report with Equifax that Plaintiff mentioned in this complaint.

51. Defendant Equifax violated 15 U.S.C. § 1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information mentioned in this complaint.

52. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

53. Defendant Equifax violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

54. Amongst other things, Defendant Equifax failed their grave responsibility imposed by 15 U.S.C. § 1681i(a) because the reinvestigation that the defendant conducted if any did not consist of something more than merely parroting information received from other sources after being notified that the source was unreliable by Plaintiff.

55. Plaintiff initiated a dispute with Equifax requesting that they correct specific items in their credit file that are patently inaccurate and damaging to Plaintiff and Defendant failed to do so.

56. Equifax after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate items disputed by the plaintiff on their credit file, something that any basic investigation would have prevented.

57. Plaintiff consumer reports mentioned in this complaint contained inaccurate information; (2) he disputed the accuracy of the information on his credit file and or consumer report directly with Equifax; (3) Equifax did not conduct a reasonable reinvestigation and or reinvestigate free of charge and either record the current status of the disputed information or delete the items of information mentioned in this complaint from Plaintiff's file; (4) Equifax noncompliance was negligent and or willful; (5) Plaintiff suffered injuries mentioned in this complaint and (6) the injury was caused by Equifax failure to conduct a reasonable reinvestigate and or conduct a reinvestifation at all.

58. As a direct and proximate result of their willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

59. Defendant Equifax caused injury in fact, by causing, among other effects mentioned in this complaint, mental and emotional distress, humiliation, damage to credit reputation, and resulting in credit damages to Plaintiff.

60. At all times Defendant Equifax has done so either negligently or willfully.

61. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681o.

62.     Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## DEMAND FOR TRIAL BY JURY

63.     Pursuant to the seventh amendment to the Constitution of the United States of America, and Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff is entitled to and hereby requests a trial by jury on all issues herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dawyone Clarke respectfully requests that judgment be entered in favor of Plaintiff against Defendant Equifax in an amount to be determined by the Jury.

a) Awarding Plaintiff actual damages;

b) Awarding Plaintiff statutory damages;

c) Awarding Plaintiff punitive damages;

d) Awarding Plaintiff for all past and future damages that may be incurred during the duration of this lawsuit.

e) Costs pursuant to 15 U.S.C. §§ 1681n, and 1681o;

f) Awarding pre-judgment interest and post-judgment interest;

g) A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above:

h) Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein, and

i) Injunctive relief demanding defendant to immediately delete the inaccurate items of information mentioned in this complaint from Plaintiffs reports immediately and inform anyone who defendant reported the information to that it has been properly deleted.

j) Awarding Plaintiff such other relief as this court may deem just and proper.

Respectfully Submitted, *Dawyone Clarke*

Dated this 18th day of November 2023

Dawyone Clarke Pro Se

8633 Desoto Dr.
Cincinnati, OH 45231
Phone: (513-930-2742)

Email: dawyoneclarke74@gmail.com